**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| RANDY GLENN, #11545-089, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )  Case No. 16-cv-00081-NJR |
| UNITED STATES OF AMERICA, LORETTA LYNCH, J. S. WALTON, M. BAGWELL, ENGDAHL TODD, HEARTLAND REGIONAL MEDICAL CENTER, and DR. JOHNSON, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Randy Glenn is a federal inmate who is currently incarcerated at the United States Penitentiary in Marion, Illinois ("USP-Marion"). He brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff complains that he lost sight in his right eye after receiving inadequate medical care for a basketball injury at USP-Marion in 2014. (Doc. 1 at 5). He sues the United States, Loretta Lynch (Attorney General), J. S. Walton (USP-Marion's warden), M. Bagwell (USP-Marion's clinical director), Heartland Regional Medical Center, Engdahl Todd (Heartland doctor), and Doctor Johnson (Heartland doctor) for monetary damages.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim

upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## The Complaint

While playing basketball at USP-Marion on June 9, 2014, Plaintiff sustained an eye injury when another inmate poked him in the right eye. (Doc. 1 at 5). The injury was serious and required immediate medical attention. Prison guards took Plaintiff to the health care unit ("HCU"), but they discovered that no medical provider was on site.

The guards contacted a physician's assistant ("Brooks") at a nearby camp. Brooks[1] did not arrive for two hours. After examining Plaintiff's eye, the physician's assistant quickly surmised that Plaintiff required serious medical attention, and he was transported to Heartland Regional Medical Center in Marion, Illinois. There, he learned that surgery would be necessary, and the procedure was scheduled for the following day.

Until then, Plaintiff was taken back to USP-Marion and placed in the special housing unit. On June 10, 2014, Plaintiff was taken to Baptist Health in Paducah, Kentucky. Doctor Carl Baker[2] performed surgery on Plaintiff's right eye, but he never fully regained vision in the eye.

In several grievances that he filed with the complaint, Plaintiff describes a progressive loss of vision and discoloration in his right eye following surgery. He requests additional medical care, including a referral to an ophthalmologist. These grievances are addressed to, answered by, and describe interactions with Defendants Bagwell and Walton, among others who are not named as defendants in this action. Each of his grievances was denied. (*Id*. at 7-14).

Plaintiff now claims that the one-day delay in surgery and denial of post-operative medical care caused his vision loss and eye discoloration. He sues the United States,

---

[1] Brooks is not named as a defendant in this action.
[2] Doctor Baker is also not named as a defendant in this action.

Warden Walton, Clinical Director Bagwell, Heartland Regional Medical Center, and two of its doctors (Doctors Todd and Johnson) for monetary damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (*Id*. at 6).

## Merits Review Under 28 U.S.C. § 1915A

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claims in Plaintiff's *pro se* complaint into the following enumerated counts:

> **Count 1:** **Defendant United States is liable under the FTCA for Plaintiff's vision loss and eye discoloration, which allegedly resulted from a delay or denial of proper medical care by federal officials;**
>
> **Count 2:** **Defendants violated Plaintiff's right to be free from cruel and unusual punishment, in violation of the Eighth Amendment and *Bivens*, when they failed to provide him with adequate medical care for the injuries he sustained on June 9, 2014.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion as to the merits of each claim.

As discussed in detail below, Plaintiff's FTCA claim (**Count 1**) against the United States and his *Bivens* claim (**Count 2**) against Defendants Bagwell and Walton shall receive further review. These claims shall be dismissed against all other defendant with prejudice.

## Discussion

### Count 1 – FTCA

The FTCA allows "civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission

of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Pursuant to the FTCA, "federal inmates may bring suit for injuries they sustain in custody as a consequence of the negligence of prison officials." *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The FTCA's jurisdictional grant only covers "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Augustis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013) (citing *Morisch v. United States*, 653 F.3d 522, 530 (7th Cir. 2011) (quoting 28 U.S.C. § 1346(b)(1)); *see also* 28 U.S.C. § 2674 ("The United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances.")).

In other words, FTCA claims are governed by the substantive law of the state where the tort occurred. *Augustis*, 732 F.3d at 752; *Parrott v. United States*, 536 F.3d 629, 637 (7th Cir. 2008). *See also Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). In this case, Illinois law applies because all tortious conduct at issue occurred in the State of Illinois. To state a negligence claim under Illinois law, a complaint must demonstrate that the defendant owed the plaintiff a duty of care, breached that duty, and that the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross,* 879 N.E.2d 278 (2007)). Plaintiff names the United States, among others, in connection with his claim for vision loss and eye discoloration following a basketball injury on June 9, 2014. Plaintiff attributes his permanent vision loss and eye discoloration to the delay in immediate treatment at USP-Marion, the one-day delay in eye surgery, and the denial of post-operative care by prison officials and others. The complaint supports an FTCA claim at this early stage. Plaintiff cannot proceed with this claim against all of the defendants, however, because "[t]he

only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982). *See* 28 U.S.C. § 2679(b). Therefore, **Count 1** shall proceed against the United States and shall be dismissed with prejudice against all other defendants.

**Count 2 – Deliberate Indifference to Medical Needs**

Plaintiff generally claims that the defendants caused him to suffer permanent injuries, including vision loss and eye discoloration, when they failed to provide him with timely and adequate medical treatment following his basketball injury on June 9, 2014. Plaintiff brings this claim pursuant to *Bivens*, which is the federal counterpart to a § 1983 claim against a state official. *Bush v. Lucas*, 462 U.S. 367, 374 (1983). Because actions brought under § 1983 and "those of the *Bivens*-type are conceptually identical and further the same policies, courts have frequently looked to [§ 1983] and [its] decisional gloss for guidance" in construing the scope of the *Bivens* remedy. *Green v. Carlson*, 581 F.2d 669, 673 (7th Cir. 1978).

It is well settled that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)); *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). To establish deliberate indifference to a serious medical need, a prisoner must show that he or she has a medical need that is "sufficiently serious." *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). "An objectively serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Zentmyer v. Kendall Cnty., Ill.*, 220 F.3d 805, 810 (7th Cir. 2000)) (internal citation

omitted). The Court finds that Plaintiff's eye injury qualifies as an objectively serious medical condition for screening purposes.

The prisoner also must show that the defendants were deliberately indifferent to Plaintiff's medical need. This subjective standard is satisfied for screening purposes, if the defendant knew of and disregarded "an excessive risk to inmate health or safety." *Gutierrez*, 111 F.3d at 1369. Both *Bivens* and § 1983 "create[ ] a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994).

Plaintiff names the United States, Attorney General Lynch, Warden Walton, Clinical Director Bagwell, Heartland Regional Medical Center, Doctor Todd, and Doctor Johnson in connection with this claim, but the complaint only suggests that Defendants Bagwell and Walton may have responded to Plaintiff's eye injury with deliberate indifference. According to one grievance, Defendant Bagwell delayed or denied post-operative medical care based on cost concerns. (Doc. 1 at 9). Warden Walton denied a detailed grievance in which Plaintiff requested an "immediate assessment of [his] eye" due to vision loss in August 2015. (Doc. 1 at 10).

At this early stage, the Court will allow Plaintiff to proceed with Count 2 against Defendants Bagwell and Walton. In the Eighth Amendment context, a prison official who is made aware of a prisoner's lack of medical care for a serious medical need, through a coherent and detailed grievance or some other correspondence, may be deliberately indifferent where he or she fails to intervene on an inmate's behalf and rectify the situation. *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015) (grievance officials received notice of the medical condition and inadequate care through "highly detailed grievances and other correspondence.").

An inmate's "correspondence to a prison administrator may thus establish a basis for personal liability . . . where that correspondence provides sufficient knowledge of a constitutional deprivation." *Id.* (citing *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996)). Under the circumstances, the Court cannot dismiss Count 2 against Defendants Bagwell and Walton at this time.

But Count 2 cannot proceed against the United States. The United States is not a proper defendant in a *Bivens* action. *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006) (holding that "[a] *Bivens* action may not be brought against the United States or a federal agency"). "[T]he point of *Bivens* [i]s to establish an action against the employee to avoid the sovereign immunity that would block an action against the United States." *See Sterling v. United States*, 85 F.3d 1225, 1228-29 (7th Cir. 1996); *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994); *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003). Count 2 shall be dismissed with prejudice against Defendant United States.

Further, Count 2 cannot proceed against Defendant Lynch. Attorney General Lynch appears to have been listed as a defendant in CM/ECF by mistake. This individual is named in connection with the claim against the United States, rather than as a separate defendant. Further, Plaintiff includes no allegations against Attorney General Lynch in the statement of claim. Accordingly, the Clerk shall be directed to terminate Attorney General Lynch as a defendant in this action.

Count 2 also shall be dismissed with prejudice against Heartland Regional Medical Center, Doctor Todd, and Doctor Johnson. Plaintiff listed each as defendants in the case caption and in his list of defendants, but the statement of claim refers to none of these defendants. Likewise, Plaintiff does not mention them in the grievances that he filed as exhibits to the

complaint. Therefore, the Court is unable to ascertain what claims, if any, Plaintiff has against these defendants.

It has long been held that a plaintiff cannot state a claim against a defendant by merely including the defendant's name in the caption. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). The reason that plaintiffs are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See* FED. R. CIV. P. 8(a)(2). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Under the circumstances, Count 2 shall be dismissed with prejudice against each of these defendants.

Similarly, the Court cannot allow Plaintiff to proceed with Count 2 against any other individual who was mentioned in the statement of claim, but was not named as a defendant. This includes Physician's Assistant Brooks, Doctor Baker, and the unknown prison guards. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

In summary, **Count 2** shall receive further review against Defendants Bagwell and Walton. This claim shall be dismissed with prejudice against all other named defendants. The claim is considered dismissed without prejudice against any other individual who is not named as a defendant in this action.

### Disposition

The Clerk is hereby directed to **TERMINATE** Attorney General **LORETTA LYNCH** as a defendant in this action because she was mistakenly listed as a party on the docket sheet in CM/ECF.

**IT IS HEREBY ORDERED** that **COUNT 1** shall receive further review against Defendant **UNITED STATES**; this claim is hereby **DISMISSED with prejudice** against Defendants **WALTON, BAGWELL, TODD, JOHNSON,** and **HEARTLAND REGIONAL MEDICAL CENTER** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 2** shall receive further review against Defendants **BAGWELL** and **WALTON**; this claim is hereby **DISMISSED with prejudice** against Defendants **UNITED STATES, TODD, JOHNSON,** and **HEARTLAND REGIONAL MEDICAL CENTER** for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that with regard to **COUNT 1**, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on Defendant **UNITED STATES**; the Clerk shall issue the completed summons. Further, with regard to **COUNT 2**, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **BAGWELL** and **WALTON**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendant **BAGWELL** and

**WALTON** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[3] All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall: (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to the United States Attorney. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS ORDERED** that, if a Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address

---

[3] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

**IT IS ORDERED** that pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson**.

**IT IS FURTHER ORDERED** that this entire matter is **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1)

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  February 18, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**