# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

RANDY GLENN,

    Plaintiff,

v.

J. S. WALTON and M. BAGWELL,

    Defendants.

Case No. 3:16-cv-00081-JPG-DGW

## MEMORANDUM & ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 55) of Magistrate Judge Donald G. Wilkerson with regard to defendant Bagwell's motion to dismiss, or in the alternative for summary judgment (Doc. 42); defendant J.S. Walton's motion for summary judgment (Doc. 51); and plaintiff Randy Glenn's motion to amend to his complaint to include a certificate of merit (Doc. 49). The Court may accept, reject, or modify—in whole or in part—the findings or recommendations of the magistrate judge in a report and recommendation. FED. R. CIV. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Here, there is no objection to the Report. The Court has reviewed the entire file and finds no clear error, but with the exception of one caveat: the Court will not allow the plaintiff yet another chance to amend his complaint. When Glenn filed this case, he failed to file a certificate of merit in compliance with 735 Ill. Comp. Stat. Ann. § 5/2-622 in support of his Federal Tort Claims Act (FTCA) claim. Later, the Court adopted Magistrate Judge Wilkerson's

1

recommendation to (1) dismiss the FTCA claim without prejudice, but (2) grant the plaintiff leave to file the certificate within 30 days of that order to save his FTCA claim. The Court warned the plaintiff that failure to a certificate of merit will result in the dismissal of his FTCA claim to be converted into a dismissal with prejudice.

The plaintiff is proceeding pro se, but he clearly understood the Court's order: he filed a motion to amend his complaint to include a certificate of merit, and his motion cites "735 ILCS § 5/2-622." Moreover, his attached certificate of non-compliance tracks the language of the statute verbatim:

> That [I have] consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in the particular action; and (iii) is qualified by experience or demonstrated competence in the subject of the case; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that [I have] concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.

(*Compare* Doc. 49 with 735 Ill. Comp. Stat. Ann. § 5/2-622(a)(1).)

The plaintiff's motion to amend still fails, however, because he did not attach a copy of a written expert report to his certificate—even though § 5/2-622(a)(1) expressly commands it in the same paragraph that Glenn transcribed into his motion:

> A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, must be attached to the affidavit, but information which would identify the reviewing health professional may be deleted from the copy so attached.

735 Ill. Comp. Stat. Ann. § 5/2-622(a)(1).

Magistrate Judge Wilkerson's Report recommends that the Court give Glenn another 30 days to file another certificate of merit with an attached expert report because "the Court is not sure Glenn was aware of the requirement that he include the report with his certificate . . . ." But given the fact that Glenn read and copied § 5/2-622(a)(1), but nevertheless failed to comply with its terms, yet another chance to amend and the corresponding extra 30 days will not be necessary.

Accordingly, the Court:

- **ADOPTS IN PART** and **REJECTS IN PART** the Report (Doc. 55);
- **MODIFIES** the Report only to the extent provided in this Memorandum & Order;
- **GRANTS** defendant Bagwell's motion to dismiss, or in the alternative, for summary judgment (Doc. 42);
- **GRANTS** defendant Walton's motion for summary judgment (Doc. 51);
- **DENIES** the plaintiff's motion to amend (Doc. 49);
- **FINDS AS MOOT** defendant Walton's motion to dismiss for failure to prosecute (Doc. 53);
- **CONVERTS** the dismissal of Count I to a dismissal **WITH PREJUDICE**; and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: MARCH 27, 2018**

<u>s/ *J. Phil Gilbert*</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**